# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No:   CR420-141 |
| | ) | |
| | ) | |
| GHALEB ALAUMARY, | ) | |
| Defendant. | ) | |

## SCHEDULING ORDER

In accordance with the Court's instructions at the arraignment held on January 13, 2021, in this case, the Court issues the following scheduling order.

[✓] Defendant's pretrial motions are to be filed within 10 days of the date of arraignment, as provided by Local Rule 12.1.

[ ] Based upon defense counsel's oral motion, and the Court's finding that the ends of justice in granting an extension of time to prepare motions outweigh the best interest of the public and defendant in a speedy trial, defendant's pretrial motions are to be filed within _____ days of the date of arraignment.

Untimely motions or responses will not be considered absent a showing of good cause for failure to file within the time limit set by the Court.  A failure to file defense motions in a timely manner will be construed as indicating that no pretrial matters require an evidentiary hearing.

The Government shall have 14 days to respond to any defense motion.  The Government shall also notice its intent to introduce evidence pursuant to Fed. R. Evid. 404(b) contemporaneously with their responses.  Absent good cause, an untimely notice will not be accepted more than 14 days after defense motions are due.  Defendant shall have 10 days thereafter to file any objection to the introduction of 404(b) evidence, and the Government shall have an

additional 7 days to file its reply, if any.[1]

In accordance with Federal Rule of Criminal Procedure 5(f)(1), the Court confirms the prosecutor's disclosure obligations under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and its progeny. Failure to timely perform these obligations may result in various consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, or sanctions. Given this confirmation, the Court anticipates that no generalized motions seeking assurance of the Government's compliance with its obligations under <u>Brady</u> and its progeny will be necessary.

**Fourteen days after the Government deadline for filing responses to defendant's motions—or fourteen days after the Defendant's motion deadline in the event Defendant elects to file no motions—the parties shall jointly confer and file a Joint Status Report. The joint status report shall indicate whether (1) all motions have been disposed of to the satisfaction of the parties or if a hearing is requested; (2) the parties are prepared to proceed to trial, and, if they are, list three potential dates for a telephonic status conference with District Judge R. Stan Baker within the following 14 days; or, (3) if the parties believe the case will result in a negotiated plea agreement, whether additional time is needed for plea negotiations. Failure to file a Status Report will result in any outstanding motions being deemed resolved or waived, and the issuance of Judge Baker's Pretrial Management Order.** If a hearing is requested, the Court will calendar an evidentiary hearing and/or argument within 30 days of filing of the Status Report. A copy of the Status Report is enclosed with this Scheduling

---

[1] These motions should be complete and contain all information necessary for the Court to rule on the papers. Counsel should not anticipate receiving oral argument on objections to the introduction of Rule 404(b) evidence. This order alters the deadline for the Government's production of such evidence which would otherwise ordinarily be due within 20 days of arraignment. L. Cr. R. 16.2

Order.

If the Court or parties determine that a hearing is necessary, and the Court holds such a hearing, the parties shall have 10 days from the date of the disposition of the motions to file a second status report.  This second status report should indicate whether (1) the parties are prepared to proceed to trial, and, if they are, list three potential dates for a telephonic status conference with District Judge R. Stan Baker within the following 14 days; or, (2) if the parties believe the case will result in a negotiated plea agreement, whether additional time is needed for plea negotiations.

**SO ORDERED**, this  13th   day of January, 2021.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA